IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LEE DUCKETT, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action |
| v. ) | No. 14-cv-03710 |
| ) | |
| MR. DAVID PITKINS, ) | |
| SUPERINTENDENT; ) | |
| THE DISTRICT ATTORNEY OF THE ) | |
| COUNTY OF PHILADELPHIA, ) | |
| SETH WILLIAMS; and ) | |
| THE ATTORNEY GENERAL OF THE ) | |
| STATE [SIC] OF ) | |
| PENNSLYVANIA, KATHLEEN ) | |
| KANE, ) | |
| ) | |
| Respondents ) | |

O R D E R

NOW, this 30th day of March, 2017, upon consideration

of the following documents:

(1) Form for Use in Applications for Habeas Corpus Under
28 U.S.C. § 2254, which form was filed by petitioner
pro se on June 12, 2014 ("Petition") (Document 1);

(2) Amended Petition to Habeas Corpus Pursuant to
28 U.S.C. Sec 2244 File[d] on June 12, 2014, which
amended petition was filed by petitioner pro se on
November 7, 2014 ("Amended Petition") (Document 13);

(3) Response to Petition for Writ of Habeas Corpus, which
response was filed December 17, 2014 ("Response")
(Document 16);

(4) Supplemental Response to Petition for Writ of Habeas
Corpus, which supplemental response was filed August 24,
2015 ("Supplemental Response") (Document 34);

(5) Amended for Habeas Corpus Relief to Article 1, Sec-
tion 14, of Pennsylvania Constitution and Under
28 U.S.C. § 2254, which amended petition was filed

by petitioner pro se on October 19, 2015 ("Second
Amended Petition") (Document 36);

(6) Amended for Habeas Corpus Relief to Article 1, Section 14, of Pennsylvania Constitution and Under
28 U.S.C. § 2254, which amended petition was filed
by petitioner pro se on August 10, 2016 ("Third
Amended Petition") (Document 38);

(7) Report and Recommendation of United States Magistrate
Judge Henry S. Perkin dated and filed September 30,
2016 ("R&R") (document 39); and

(8) Objection to Report and Recommendation, which
Objections were filed by petitioner pro se on October
28, 2016 ("Objections") (Document 43);

it appearing that the Objections are a restatement of the
arguments raised in the Petition and subsequent amendments; it
further appearing, after a de novo review of this matter,[1] that
the Report and Recommendation of Magistrate Judge Perkin
correctly determined the pertinent legal and factual issues
presented in the Petition,

---

[1] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Id.

IT IS ORDERED that the Objections are overruled.[2]

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Perkin is approved and adopted.

IT IS FURTHER ORDERED that the Petition, Amended Petition, Second Amended Petition, and Third Amended Petition are denied.[3]

---

[2] Petitioner spends the bulk of his Objections complaining about trial counsel's failure to present an alibi defense. This claim was thoroughly addressed in the R&R.

Petitioner also complains that trial counsel failed to object to the prosecutor's reference to "ghetto code" in his closing argument, which petitioner claims amounted to prosecutorial misconduct. Specifically, the prosecutor opined that "ghetto code" prevents individuals living in certain neighborhoods from cooperating with police. See R&R at pages 31-32. This claim was also thoroughly addressed by the R&R. Nonetheless, petitioner insists that this statement in the prosecution's closing argument amounted to "vouching" for the credibility of a government witness.

The prosecutor's remark did not amount to improper vouching because it did not draw upon the prosecutor's own integrity or position to boost the witness's credibility. Rather, as explained in the R&R, it was an invited response to the question posed by trial counsel during his closing argument of why the witness did not voluntarily go to the police to provide information.

[3] Petitioner renews in his Objections a claim that trial counsel, James Bruno, Esquire, was ineffective by virtue of his "mental state". See Objections at page 43. This claim was first alleged in petitioner's Third Amended Petition, filed without leave after this matter had already been referred to Magistrate Judge Perkin for a Report and Recommendation.

Petitioner alleges that the Disciplinary Board of the Supreme Court of Pennsylvania temporarily suspended Attorney Bruno from the practice of law by an Order dated February 26, 2013. According to petitioner, a physician testified before the Disciplinary Board and diagnosed Attorney Bruno with Attention Deficit Hyperactivity Disorder ("ADHD").

I cannot conclude that Attorney Bruno rendered petitioner with ineffective assistance based alone on the fact that Attorney Bruno was diagnosed with ADHD years later. To establish ineffective assistance of counsel, petitioner must demonstrate that: (a) counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed the

(Footnote 3 continued):

IT IS FURTHER ORDERED that, because no reasonable jurist could find this ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

*James Knoll Gardner* /ccs
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

defendant by the Sixth Amendment"; and (b) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

The R&R thoroughly assessed each of petitioner's non-defaulted claims for why trial counsel's performance was allegedly deficient. Moreover, petitioner made a disciplinary complaint against Attorney Bruno for his alleged failure to respond to petitioner's inquiries. The Pennsylvania Supreme Court's Office of Disciplinary Counsel dismissed petitioner's complaint after Attorney Bruno informed them that he had met with petitioner numerous times to prepare for trial. See Third Amended Petition, Exhibit C.

Petitioner submitted a document entitled Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, in which the Disciplinary Board recommended suspending Attorney Bruno's law license for one year based in part on difficulties stemming from Attorney Bruno suffering from ADHD. See Third Amended Petition, Exhibit D. This court may not consider this evidence because it was never presented to the state courts. See Cullen v. Pinholster, 563 U.S. 170, 185, 131 S.Ct. 1388, 1400-1401, 179 L.Ed.2d 557 (2011).

Moreover, petitioner did not present the document to this court until he filed a Third Amended Petition without leave of court, after the matter had already been referred for a Report and Recommendation, and without the opportunity for the Commonwealth to respond to it.

Even if this document had been presented to the state courts and submitted to this court in a timely and appropriate fashion, it would not establish ineffective assistance of counsel. The recommendation indicates that it was based upon a disciplinary complaint against Attorney Bruno made on October 19, 2011, which is more than five and a half years after Attorney Bruno represented petitioner during the period leading up to his March 21, 2006 trial. It is therefore not pertinent to petitioner's case.